United States District Court
for the Southern District of New York

Mladen Pintur, Presenta Nova Inc., Plaintiffs

v.

Helen Rogic, One Interior LLC, Defendants

Civil Action No.

COMPLAINT FOR INFRINGEMENT OF
TRADEMARK AND UNFAIR COMPETITION

**Complaint**

The Plaintiffs, Mr. Mladen Pintur, CEO Presenta Nova d.o.o. and Presenta Nova Inc, by their attorney, Ms. Tamiko Rochelle Franklin, complaining of Defendant, One Interior LLC, and Director, Helen Rogic, respectfully allege as follows:

1. Plaintiff, Presenta Nova Inc. a Corporation, principal place of business 116 W. 23rd Street 5th Floor, New York, New York 10011 referred to as "Presenta Nova"

2. Plaintiff, "Presenta Nova" is the American affiliate of Presenta Nova d.o.o., a company with its principal place of business in Zagreb, Croatia.

2. Upon information and belief, Presenta Nova d.o.o. is a company that designs, manufactures and retails of a full range of high quality and innovative intellectual property rights protected products and services in its niche area of industry, worldwide, namely, interior and product design for optometrists, ophthalmologists and related eyewear centric companies.

3. Upon information and belief, Presenta Nova d.o.o., in addition to its American affiliate, Plaintiff "Presenta Nova", also has an affiliate in Germany, Presenta Nova Gmbh, as well as exclusive distribution agreements with companies in France and the United Arab Emirates.

4. Plaintiff, Mladen Pintur, referred to as "Mr. Pintur" is the owner of registered United States Trademark No. 4531782 for "PRESENTA NOVA" and resides at Rjesenja 7 Zagreb, Croatia 10 000.

5. Plaintiff, "Mr. Pintur", is the founder of Presenta Nova d.o.o., as well as the President and majority shareholder of the Plaintiff, "Presenta Nova."

6. Said principal place of business of Plaintiff, "Presenta Nova" is located in the jurisdiction of the District of New York, United States of America.

7. Upon information and belief, the Defendant, One Interior LLC, referred to, as "One Interior" is a corporation.

8. Upon information and belief, the Defendant, "One Interior's" principal

place of business is 85 Broad Street, 29th Floor, New York, New York 10004.

9. Upon information and belief, the Defendant, "Helen Rogic" conducts business under the name of "One Interior".

10. Upon information and belief, the Defendant, Helen Rogic, referred to as "Ms. Rogic" is the sole owner of "One Interior", conducting business in the State of New York.

11. Upon information and belief, Mr. Jens Faulhaber as well as Mr. Mati Salomon, Mr. Florian Kniedl and Mr. Rajko Rogic are investors and, or, respectively agents of the Defendant, "One Interior".

12. Upon information and belief, the Defendant, "One Interior's" principal place of business is located in the State of New York.

13. The dominant subject matter of this Complaint is grounded in violation of provisions under Sections 32 and 43 of the Lanham Act (15 U.S.C.S. §§ 1114 & 1125) and includes related unfair competition based claims arising under New York state and common law.

14. Actions grounded in 15 U.S.C.S. § 1114 and 15 U.S.C.S. § 1125, are required to be brought before United States Courts.

15. As the Plaintiff, "Presenta Nova" is a resident of a locality lying within the Southern District of New York, this Court is the proper forum for this action.


AS AND FOR A FIRST CAUSE OF ACTION
16. The Plaintiff, "Presenta Nova" and the Plaintiff, "Mr. Pintur" repeat and reiterate each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

17. The Plaintiff, "Mr. Pintur" is the lawful owner of United States Trademark No. 4531782 for "PRESENTA NOVA", registered in classes 09, 20, and 37 under Title 15 U.S.C.S. § 1051. A copy of the registration certificate and an excerpt from the Trademark Electronic Search System (TESS) are attached herein as Exhibit 1.

18. Plaintiff, offers and sells its goods and services under the PRESENTA NOVA Mark to optometrists, ophthalmologists, opticians as well as retail eyewear sellers. Exhibit 2 Catalog Presenta Nova US 2016, Exhibit 3 Presenta Nova offers to David Blair, Clifton Eye Care, Dr. Luxenburg.

19. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the PRESENTA NOVA Mark including through email marketing and trade magazine advertising campaigns.

20. The registration for said trademark was issued by the United States Patent and Trademark Office to the Plaintiff, "Mr. Pintur" with the effective date of registration, May 20, 2014. (See attached Exhibit 1)

21. Plaintiff has used the mark in commerce continuously since April 2014 in connection with the manufacture, distribution, sale, advertising and promotion of the goods and services sold under the PRESENTA NOVA mark.

22. The trademark 'PRESENTA NOVA' is used in commerce on and advertising in association with high-quality and innovative products, including articles protected before the USPTO, the EPO and other national patent offices. See Exhibit 4 Patent search results for Mladen Pintur USPTO online databases and Exhibit 2 Presenta Nova US Catalog.

23. Plaintiff's PRESENTA NOVA Mark is distinctive to both the consuming public and Plaintiff's trade.

24. As a result of Plaintiff's expenditures and efforts, the PRESENTA NOVA Mark has come to signify the high quality of the goods and services designated by the PRESENTA NOVA Mark, and acquired distinction, reputation, and good will belonging exclusively to Plaintiff.  Exhibit 5 PentaVision invoices as proof of approximate monthly advertising expense since 2014.

25. The trademark "PRESENTA NOVA" is used in the domain name presenta-nova.com and presenta-nova.hr, both are under joint control of the Plaintiffs, "Presenta Nova" and "Mr. Pintur". Exhibit 6 ICANN who is pdf.

26. Said domain name, registered by Plaintiff, "Mr. Pintur" and maintained by Plaintiff, "Presenta Nova" for advertising and promotional purposes, is comprised of said trademark.

27. Plaintiff, "Mr. Pintur" and Plaintiff, "Presenta Nova" use the domain presenta-nova.com and the email address info@presenta-nova.com to advertise their goods and services as well as to communicate with existing and potential customers; an example of a commercial advertising campaign of Plaintiff, "Presenta Nova" using this domain name is attached herein as Exhibit 7 Example of Mail Chimp campaign.

28. Sections 32 and 43 of the Lanham Act (15 U.S.C.S. §§ 1114 & 1125) impose liability for unpermitted "use in commerce" of another's mark which is likely to cause confusion, or to cause mistake, or to deceive, 15 U.S.C.S. § 1114, as to the affiliation or as to the origin, sponsorship or approval of his or her goods or services by another person, 15 U.S.C.S. § 1125(a)(1)(A).

29. The definition of the term "use in commerce" provided in § 45 Lanham Act, 15 U.S.C.S. § 1127, provides in part that a mark shall be deemed to be in use in commerce on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce. 15 U.S.C.S. § 1127.

30. Defendant, "Ms. Rogic" has a long history and relationship with Plaintiff, "Mr. Pintur" and Presenta Nova d.o.o. Exhibit 8 Minutes 2013 showing Ms. Rogic as Director.

31. Upon information and belief, Defendant, "Ms. Rogic" was appointed as Director of Plaintiff, "Presenta Nova" from 2012 to 2015. Exhibit 9 Showing title and position held by Ms. Rogic and Mr. Kneidl and Exhibit 10 Receipts W2s 1009 2015 Ms. Rogic and Mr. Kneidl.

32. Upon information and belief, Defendant "Ms Rogic" established a company of her own company offering similar goods and services as the Plaintiffs "Presenta Nova" and "Mr. Pintur" while still an acting Director of the Plaintiff. See Exhbit 22 Secretary of State of New York excerpt for One Interior LLC.

33. The father of Defendant, "Ms. Rogic" is Mr. Rajko Rogic. Mr. Rogic was

appointed Director of Presenta Nova Gmbh by Plaintiff, "Mr. Pintur" and remained in that role until 2015. Exhibit 11 Confidentiality agreement translation Mr. Rajko Rogic and Exhibit 11b Translation Confidentiality agreement from German to English.

34. The Defendant, "Ms. Rogic" and Defendant "One Interior" as a result of her exposure to the business of Plaintiffs "Mr. Pintur" and "Presenta Nova"thorugh her fathers business activities, and her engagement as Director of Plaintiff, "Presenta Nova" from 2012 to 2015, Defendant "Helen Rogic" became aware of the intellectual property rights of the Plaintiff, "Mr. Pintur", the goods and services of Plaintiff, "Presenta Nova" as well as the customers, clients and industry contacts of the Plaintiff, "Mr. Pintur". See Exhbit 11c copy of email notifying Rajko Rogic of PRESENTA NOVA U.S. Trademark Registration 4531782.

35. Upon information and belief, neither Defendant, "One Interior" or "Ms. Rogic" inquired of the Plaintiff, "Presenta Nova" or of the Plaintiff, "Mr. Pintur" to use said trademark in connection with advertising material offering similar goods and services provided by the Defendant, "One Interior'".

36. Upon information and belief, no permission was granted by Plaintiff, "Mr. Pintur" or Plaintiff, "Presenta Nova" to Defendant, "One Interior" or Defendant, "Ms. Rogic" to reproduce the trademark 'PRESENTA NOVA' on USBs advertising the Defendants' goods and services which are similar to the goods and services protected by the trademark.

37. Upon information and belief, both the Defendants and the Plaintiffs were exhibitors at the Vision Expo West conference for optometrists, ophthalmologists and providers of related goods and services, in Las Vegas from September 13th to 17th 2016. Exhibit 12 VEW 2016 Conference exhibitors roster.

38. Upon information and belief, during the Vision Expo West conference in Las Vegas September 2016, Plaintiff, "Mr. Pintur" and Plaintiff, "Presenta Nova" obtained materials being distributed by Defendant, "One Interior" including a USB card. Exhibit 13 USB card bearing the Presenta Nova mark and advertising One Interior goods and services.

39. Said USB card contains materials advertising the goods and services of

the Defendant, "One Interior" in commerce, while containing the unauthorized use of the trademark and domain name of Plaintiff, "Mr. Pintur".

40. The legal representative of Plaintiff, "Presenta Nova" together with conference floor manager Mr. Jeff Zwick, who reviewed the USB card together with the trademark ownership information taken from the USPTO Trademark Electronic Search System, and agreed to inform the Defendant "Ms. Rogic" regarding the unauthorized use of the trademark, provided Defendants, "One Interior" and "Ms. Rogic" with an excerpt from the online registry TESS. (See Exhibit 19a and 19b.)

41. Said representative, at the request of Plaintiff, "Presenta Nova" requested that the Defendants "Ms. Rogic" and "One Interior" desist from continued distribution of the USB cards bearing said mark during the remainder of the conference. Exhibit 14 TM HR One Interior cease and desist letter

42. Upon knowledge and belief one representative of Defendant "One Interior", Mr. Florian Kneidl's, verbal response to this information and request was to insist that the Defendant "One Interior" "had a right to distribute the USB cards".

43. On September 21, 2015 the Plaintiffs, "Presenta Nova" and "Mr. Pintur" sent a trademark cease and desist letter to the Defendants "One Interior" and "Ms. Rogic" explaining the valuable nature of the reputation, brand and trademark belonging to Plaintiffs, "Mr. Pintur" and "Presenta Nova" as well as the likelihood of confusion regarding the source of the products being advertised, as well as the confusion of association and or sponsorship resulting from the unauthorized use. (See Exhibit 14, attached herein)

44. Said cease and desist letter demonstrates that the Defendant "One Interior" and Defendant "Ms. Rogic" had both actual and constructive knowledge of the registration of said mark, the consumer confusion associated with the use of said mark in connection with "One Interior", for similar goods and services, especially given the prior engagement of Defendant "Ms. Rogic" by Plaintiff "Presenta Nova" as well as the damage to the good will associated with said mark as a result of it being used on the promotional materials associated with Defendant "One Interior" especially because said materials were being distributed to the same group of

customers as Plaintiff's "Presenta Nova" and "Mr. Pintur".

45. Thus, Defendants, "Helen Rogic" and "One Interior" had actual knowledge of the trademark protection of Plaintiff, "Mr. Pintur" as well as notice of infringement related to the creation and distribution of the USB cards, the likelihood of consumer confusion and potential damage to the goodwill established by Plaintiffs "Mr. Pintur" and "Presenta Nova" in connection with the unauthorized use of said trademark.

46. Upon information and belief, Defendant, "One Interior" operates in the same niche industry and provides similar goods and services as Plaintiffs "Presenta Nova" and "Mr. Pintur". Exhibit 15 Catalog One Interior and see Exhibit 2 Presenta Nova catalog.

47. Upon information and belief, the Defendant, "One Interior" offers goods and services to established client and customers of Plaintiff "Presenta Nova". (See Exhibit 28 showing copyright registration for US Database (unpublished compilation) of customer and mailing lists, Exhibit 26 email showing consumer confusion, and Exhibit 16 Customer offer Dr. Luxenburg Presenta Nova).

48. Upon information and belief, a representative of Defendant, "One Interior" verbally admitted to giving the USB cards away and that the Defendant "One Interior" would continue distribution as Defendant "One Interior" "had a right to distribute" said USB cards.

49. The Defendants, "One Interior" and "Ms. Rogic" did not reply in any way to signify mistake, confusion or lack of awareness of the trademark PRESENTA NOVA, or to satisfy the demands contained in the trademark cease and desist letter sent by Plaintiffs "Presenta Nova" and "Mr. Pintur" on September 21, 2016.

50. Upon information and belief, the first contact with a legal representative of Defendant, "Ms. Rogic" and Defendant,"One Interior" did arrive on October 4, 2016; it was a cease and desist letter for defamation, slander and libel, to legal representative Tamiko Rochelle Franklin as well as Plaintiffs "Presenta Nova" and "Mr. Pintur" on October 4, 2016. Exhibit 17 Peter Glantz cease and desist letter for defamation, slander and libel.

51. The Plaintiffs, "Presenta Nova" and "Mr. Pintur" replied through their

legal representative denying all accusations and requesting that any such statements be provided so that they could be recanted in the case they were not true. Exhibit 18 Reply of Plaintiffs to cease and desist October 7, 2016 with enclosures.

52. The Plaintiffs, "Presenta Nova" and "Mr. Mladen Pintur" received no response to their October 7 reply, no defamatory statements were offered for review or recant from the legal representative of Defendant "Ms. Rogic", Mr. Peter Glantz.

53. Under Section 43 of the Lanham Act, 15 U.S.C. §§ 1125 et.seq., any person shall be liable, in a civil action by any person who believes that he or she is likely to be damaged by such act, for "use in commerce of any term, name, symbol or device which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association, of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person or in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."

54. Upon information and belief, Defendant, "One Interior" and Defendant "Ms. Rogic" infringed upon Plaintiff, "Mr. Pintur's'" trademark. (See the aforementioned Exhibit 1, attached herein.)

55. Under 15 U.S.C. § 1114(1)(b), "any person who shall without the consent of the registrant reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to ….advertisements intended to be used in commerce upon or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies hereinafter provided."

56. Under said subsection (b), the registrant shall not be entitled to recover profits or damages unless the actions have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake or to deceive.

57. Upon information and belief, Defendant, "One Interior" and Defendant "Ms. Rogic" knowingly and intentionally used said mark to cause confusion,

to cause mistake and to deceive.

58. Upon information and belief, Defendant "Ms. Rogic", when confronted by conference staff and the legal representative of Plaintiff "Presenta Nova" acknowledged ownership of the USB cards, and a representative of the Defendant "One Interior" verbally stated the Defendant "One Interior" "had a right to distribute the USB cards". (See Exhibit September 2015 HR One Interior cease and desist tm)

59. The Plaintiffs "Mr. Pintur" and "Presenta Nova" sent another trademark cease and desist letter, this time to the attention of the legal representative of Defendant "Ms. Rogic" on October 19, 2016. Exhibit 19 Trademark Cease and desist addressed to attn. Peter Glantz

60. Upon information and belief, Plaintiff "Presenta Nova" received no reply. There was no claim of mistake made or display of any desire to co-operate with the Plaintiff "Presenta Nova" to rectify the situation or to participate in mitigation of the likelihood of confusion by agreeing to cease and desist from distribution of the USB cards bearing said mark, turning over the remaining USB cards and providing information about how many were created and distributed as well as by whom to Plaintiff "Presenta Nova". See Exhibit 19 Trademark Cease and Desist addressed to attn. Peter Glantz

61. Thus, Defendants, "One Interior" and "Ms. Rogic" may continue to realize profits as a result of each occurrence of the infringement and Defendant "One Interior" continues to act in bad faith. See Exhibit 11c showing that knowledge of the registered mark existed on the part of the Defendants at the time of infringement.

62. The remedies for infringement under the Lanham Act are statutory and consist of: injunctive relief; an accounting for profits; damages, including the possibility of treble damages when appropriate; attorney's fees in "exceptional cases;" and costs.  See 15 U.S.C. § 1117.

63. These remedies are cumulative, meaning that a successful plaintiff may recover the defendant's profits in addition to any damages, or other remedies awarded.

64. Thus, as Defendant, "One Interior" and Defendant "Ms. Rogic" infringed

upon Plaintiff, "Mr. Pintur's" registered trademark by intentionally causing confusion as to the source of its' goods by distributing Defendant "One Interior" promotional advertising materials bearing the mark of Plaintiff, "Mr. Pintur" to a group of individuals known by the Defendant, "Ms. Rogic" to be comprised of clients and customers of Plaintiff, "Presenta Nova".

65. Defendant, "One Interior" and Defendant, "Ms. Rogic" in the unauthorized use of said trademark at a national trade conference where Plaintiff, "Presenta Nova" and Plaintiff, "Mr. Pintur" had clients and customers, created a likelihood of confusion that directly benefits Defendant, "One Interior" and Defendant, "Ms. Rogic" through positive association with an international corporation engaged in ongoing innovation in the market segment while causing damage to "Presenta Nova" through association with a start up founded and directed by their former employee. Exhibit 20 One Interior advertisement eye care magazine

66. Such damage affects the success of sales promotions for said clients of Plaintiff, "Presenta Nova" and Plaintiff, "Mr. Pintur" and hurts the credibility of Plaintiff, "Presenta Nova" and Plaintiff, "Mr. Pintur" in that the premise of trademark rights were violated.

67. Upon information and belief, Defendant, "One Interior" infringed upon the trademark of Plaintiff, "Mr. Pintur" at least two (2) times. First by, without consent, reproducing the trademark of Plaintiff "Mr. Pintur" and second by use in commerce of a registered mark in connection with offers and advertisements by Defendant, "One Interior" for similar goods and services.

68. As a result, such unauthorized use is likely to cause confusion or mistake as to the source of goods on offer by Defendants, "One Interior" and "Ms. Rogic" and under the provisions of 15 U.S.C. § 1114(1)(b) there is now due and owing from the Defendants, "Ms. Rogic" and "One Interior" to the Plaintiff, "Mr. Pintur" the sum of $ 250,000.00 said amount representing fees of Plaintiff, "Presenta Nova" and Plaintiff, "Mr. Pintur" and the sum of $ 250,000.00 representing damage to the goodwill associated with Plaintiff, "Presenta Nova" and damage to the value of the trademark and goodwill associated with said mark.

69. Thus, the Defendant, "Ms. Rogic" had actual and constructive knowledge of the trademark status of the registered mark "PRESENTA

NOVA", in accordance with 15 U.S.C. § 1111, whereas Defendant, "Ms. Rogic" chose to use the same trademark in connection with the sale of competing goods and services, to the same group of customers, without knowledge, permission or authorization from the Plaintiff, "Mr. Pintur" or the Plaintiff, "Presenta Nova", and Defendant, "One Interior", by doing so, intentionally created a likelihood of confusion of association, as well as confusion as to the source of the goods sold by the Defendant "One Interior".

70. Thus, in accordance with the provisions of 15 U.S.C. § 1125(a), because said likelihood of confusion benefitted the Defendants, "Ms. Rogic" and "One Interior", by virtue of the goodwill associated the brand PRESENTA NOVA, while damaging Plaintiff, "Mr. Pintur" and Plaintiff, "Presenta Nova" by further associating Defendants, "One Interior" and "Ms. Rogic" with Plaintiffs, "Mr. Pintur" and "Presenta Nova", in bad faith, said infringement was committed willfully. See Exhibit 26 Email blast from One Interior sent to Presenta Nova customer David Blair demonstrating existing confusion on the market as to the source of goods sold by One Interior.

71. Thus, Plaintiff, "Mr. Pintur" is entitled to be awarded up to treble damages for the willful infringement, said amount payable to the Plaintiff, "Mr. Pintur" from the Defendants, "Ms. Rogic" and "One Interior" as well as attorneys fees and costs in accordance with the provisions of 15 U.S.C. § 1117(b).

72. As per the provisions of 15 U.S.C. § 1117(d) the Plaintiff, "Mr. Pintur" reserves the right to seek either actual damages and profits, or statutory damages, said Plaintiff, "Mr. Pintur" to make this determination prior to final judgment.

73. Whereas Plaintiff, "Mr. Pintur" demonstrated ownership of a registered trademark, whereas the infringement by the Defendant, "Ms. Rogic" and Defendant, "One Interior" deprives the Plaintiff, "Mr. Pintur" of their right to exclusive use of said trademark, whereas, the infringement by the Defendant, "Ms. Rogic" and Defendant "Presenta Nova" creates a likelihood of confusion, and damages the goodwill associated with the business activities of the Plaintiff, "Mr. Pintur" and of the Plaintiff, "Presenta Nova" as well as damages the right to exclusive use of said mark by Plaintiff, "Mr. Pintur" and that said infringement seek enforcements of their rights under 15 U.S.C. § 1125(a)(1).

74. Thus, Plaintiff, "Mr. Pintur" and Plaintiff, "Presenta Nova" seek a permanent injunction prohibiting the Defendant, "One Interior" and Defendant "Ms. Rogic" from infringing on the exclusive right of Plaintiff, "Mr. Pintur 's" to use the registered mark in commerce in connection with specified goods and services trademark.

## AS AND FOR A SECOND CAUSE OF ACTION

75. The Plaintiff, "Mr. Pintur" and the Plaintiff, "Presenta Nova" repeat and reiterate each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

76. Relevant case law states: "[T]he essence of unfair competition under New York common law is the bad faith misappropriation of the labors and expenditures of another." Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc., 58 F.3d 27, 34 (2d Cir. 1995) (emphasis added) (internal citations and quotations omitted); see also Saratoga Vichy Spring Co. v. Lehman, 625 F.2d 1037, 1044 (2d Cir. 1980) ("The essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another…. Central to this notion is some element of bad faith."); Abe's Rooms, Inc. v. Space Hunters, Inc., 833 N.Y.S.2d 138, 140 (2d Dep't 2007) (requiring a showing of bad faith). Mere negligence or recklessness is insufficient."

77. In order to establish bad faith, Plaintiffs, "Mr. Pintur" and "Presenta Nova" must show that the defendant acted "out of a dishonest purpose." Kalisch-Jarcho Inc. v. City of New York, 448 N.E.2d 413, 417 n.5 (N.Y. 1983) (defining bad faith in the context of a contract claim).

78. Upon information and belief, Defendant, "Ms. Rogic" and Defendant, "One Interior" took unfair advantage of, for her own private commercial benefit, the know how, financial investments in trade fair attendance and the collection of existing customer and potential clients lists paid for by Plaintiff, "Presenta Nova" and Plaintiff "Mr. Pintur", by and through the parent corporation of Plaintiff "Presenta Nova", Presenta Nova d.o.o.

79. Upon information and belief, Defendant, "Ms. Rogic" was removed as a Director of Plaintiff, "Presenta Nova" December 2015. Exhibit 21 (Action by

majority shareholder, removal from the board)

80. Upon information and belief, Defendant, "One Interior" was established by Defendant "Ms. Rogic" while Defendant, "Ms. Rogic" was still an acting Director of Plaintiff, "Presenta Nova". Exhibit 22 Excerpt from sec of states re: incorporation of One Interior.

81. Upon information and belief, Mr. Rajko Rogic, acts as an agent in commercial activities of the Defendant "One Interior" in violation of his confidentiality/non competition agreement with Plaintiff, "Mr. Pintur".

82. Upon information and belief, Defendant, "Ms. Rogic" was removed from her position as a Director by Plaintiff, "Presenta Nova" because of her poor business judgment. See Exhibit 21 Action by majority shareholder.

83. Upon information and belief, Defendant "Ms. Rogic" did not receive authorization from the Defendant "Mr. Pintur", majority owner of Presenta Nova Gmbh, to obligate the German affiliate of Presenta Nova d.o.o., as guarantor of the lease agreement of Presenta Nova Inc. neither was Defendant "Ms. Rogic" ever employed in the position of assistant to the Director of Presenta Nova Gmbh, as she represented in the signing of the guaranty for the lease of the Plantiff, "Presenta Nova" showroom, attached Exhibit 23 Lease guaranty signed by Helen Rogic as "Assistant to the President of Presenta Nova Gmbh".

84. Upon information and belief Defendant, "One Interior" agents contacted and offered their goods and services to known clients of Plaintiff, "Presenta Nova". Exhibit 24a, 24b, 24c, 24d Related emails from German distributor of showing orders placed by Defendant One Interior relating to Presenta Nova clients.

85. Upon information and belief, Defendant, "Ms. Rogic" refused to sign an employment agreement when asked to do so by Presenta Nova Inc.

86. Upon information and belief, following multiple requests during 2015, both prior and subsequent to her removal as Director, Defendant, "Ms. Rogic" failed to provide valuable business information relating to potential sales and high end client project inquiries gathered while performing her duties specifically as the representative of Plaintiff, "Presenta Nova" during Vision Expo West in Las Vegas in September 2015. Exhibit 25 Email from

Helen Rogic to Mladen Pintur re: VEW 2015 contacts; Exhibit 26 Email blast One Interior to Presenta customer David Blair demonstrates confusion on the market as to the source of goods sold by One Interior.

87. Upon information and belief, all costs for attendance of Defendant, "Ms. Rogic" at said conference were paid by Plaintiff, "Presenta Nova" and the Plaintiff, "Mr. Pintur" as CEO of Presenta Nova d.o.o). Exhibit 27 Cease and Desist One Interior April 7 2015

88. Upon information and belief, Defendant, "Ms. Rogic" has actual knowledge of the investment and subsequent value of proprietary business information belonging to Plaintiff, "Presenta Nova" such as client names, potential customer lists and pricing as a result of engagement as a Director of Plaintiff, "Presenta Nova" from 2012-2015. See Exhibit 25 Email from Helen Rogic stating too busy to forward VEW 2015 contacts, Exhibit 28 Copyright registration, and Exhibit 24a-d Orders placed by One Interior for Presenta Nova clients

89. Upon information and belief, a selection of this unpublished business and customer information has now been protected under copyright law. See Exhibit 28 U.S. Copyright registration for US unpublished compilation US Database 2012-2015

90. Upon information and belief, the Defendant "One Interior LLC" has as its registered agent, Mr. Mati Salomon, a Director at U.S. Steuerberatung the former accounting firm of Plaintiff "Presenta Nova Inc." See Exhibit 24b Letter U.S. Steuerberatung and Exhibit 24d

91. Upon information and belief, Mr. Jens Faulhaber, the former accountant of Presenta Nova Inc. is an investor in Defendant "One Interior". Exhibit 24d Email from Jens to German manufacturer

92. Upon information and belief, Defendant, "Ms. Rogic" and Defendant, "One Interior" used the labor and substantial investment of Plaintiff' "Presenta Nova" and Plaintiff "Mr. Pintur", in building customer contacts, product development, branding and through the course of her engagement as an officer of Plaintiff, "Presenta Nova" and in violation of her duties as such. See Exhibit 27 Cease and desist letter April 2016

93. Upon information and belief, Defendant, "Ms. Rogic" as an agent of

Defendant, "One Interior" used information gained during her position as Director of Plaintiff "Presenta Nova" to compete with the private outside interests of Defendant, "Ms. Rogic" so that Defendant, "One Interior" could obtain the business.

94. Upon information and belief, Defendant, "Ms. Rogic" organized a new business, Defendant, "One Interior", then solicited and obtained customers of the Plaintiffs "Presenta Nova" and "Mr. Pintur". See Exhibit 20, Exhibit 26, Exhibit 27, Exhibit 29a and 29b.

95. Thus, Defendant, "One Interior" and Defendant, "Ms. Rogic" were acting in bad faith.

96. Thus, the Plaintiff, "Presenta Nova" is entitled to the protections and recoveries provided under New York unfair competition decisions namely all of the sales generated as a result of attendance of Defendant, Ms. Rogic at Vision Expo West 2015 and any sales to customers of Plaintiff, "Presenta Nova" including those in US Database 2012-2015.

97. As Plaintiff, "Presenta Nova" has demonstrated the misappropriation of its' business opportunities by the Defendant, "Ms. Rogic" the Plaintiff, "Presenta Nova" is entitled to be awarded up to $250,000.00, said amount payable to the Plaintiff, "Presenta Nova" from the Defendant, "Helen Rogic" and Defendant "One Interior".


WHEREFORE, Plaintiff, Presenta Nova, and Plaintiff, Mr. Pintur, demand judgment against Defendants One Interior and Helen Rogic as follows:


1.    That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2.    That Defendant has violated New York common law unfair competition.

3.    Granting an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.    manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise or promote Defendant One Interior goods or services or any goods or services bearing the mark PRESENTA NOVA or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's PRESENTA NOVA mark;

b.    engaging in any activity that infringes Plaintiff's rights in its PRESENTA NOVA mark;

c.    engaging in any activity constituting unfair competition with Plaintiff;

d.    engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's PRESENTA NOVA mark;

e.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

f.    using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark PRESENTA NOVA or any other mark that infringes or is likely to be confused with Plaintiff's PRESENTA NOVA mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h.    aiding, assisting, or abetting any other individual or entity in doing

any act prohibited by sub-paragraphs (a) through (g).

4.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services.

5.    Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark PRESENTA NOVA or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's PRESENTA NOVA mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark PRESENTA NOVA or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's PRESENTA NOVA mark, and to immediately remove them from public access and view.

6.    Directing that Defendant recall and deliver up for destruction, or other disposition, all goods, packaging, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark PRESENTA NOVA or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's PRESENTA NOVA mark.

7.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

8.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

9.     Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), and unfair competition violations enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

10.     Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

11.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13.     Awarding such other and further relief as the Court deems just and proper.

DATED: December 16, 2016

*/s/* Tamiko Rochelle Franklin

Presenta Nova Inc.
116 W. 23rd Street 5th Floor, New York, New York 10011
trfr@presenta-nova.com

EXHIBITS

Exhibit 1a and 1b: A copy of the registration certificate and an excerpt from the Trademark Electronic Search System (TESS)
Exhibit 2: Catalog Presenta Nova US 2016 and Pricelist
Exhibit 3a and 3b: Offers to David Blair, Clifton Eye Care
Exhibit 4: Patent search results for Mladen Pintur USPTO online databases
Exhibit 5a and b: PentaVision invoices as proof of approximate monthly advertising expense since 2014, email from Reed Exhbitions re: VEE 2016 example of conference cost
Exhibit 6: ICANN whois www.presenta-nova.com
Exhibit 7:  Example of Mail Chimp campaign
Exhibit 8: Minutes showing Ms. Rogic as Director
Exhibit 9: Showing title and position held by Ms. Rogic and Mr. Kneidl
Exhibit 10: W2s 1009 2015
Exhibit 11a: Confidentiality agreement translation Mr. Rajko Rogic
Exhibit 11b: Confidentiality agreement translation Mr. Rajko Rogic
Exhibit 11c: Email notifying Rajko Rogic of PRESENTA NOVA trademark registration
Exhibit 12: VEW 2016 Conference exhibitors roster
Exhibit 13: USB card bearing the Presenta Nova mark and advertising One Interior goods and services
Exhibit 14: TM HR One Interior cease and desist letter
Exhibit 15: Catalog One Interior
Exhibit 16: Translated emails showing customers on Presenta Nova lists
Exhibit 17: Peter Glantz cease and desist letter for defamation, slander and libel
Exhibit 18: Reply of Plaintiffs to cease and desist October 7, 2016 with enclosures
Exhibit 19a: Trademark Cease and desist addressed to attn. Peter Glantz
Exhibit 19b: TESS excerpt September provided to Defendant
Exhibit 20: One Interior advertisement eye care magazine
Exhibit 21: Action by majority shareholder, removal from the board
Exhibit 22: Excerpt from sec of states re: incorporation of One Interior
Exhibit 23: Email Jens Faulhaber Florian Kneidl
Exhibit 24b: Letter U.S. Steuerberatung
Exhibit 24c: Presenta Nova reply
Exhibit 24d: Email from Jens in German to One Interior distributor
Exhibit 25: Email from Helen Rogic to Mladen Pintur re: VEW 2015 contacts

Exhibit 26: Email blast One Interior to Presenta customer David Blair demonstrates confusion
Exhibit 27: Cease and Desist One Interior April 7 2015
Exhibit 28: Copyright registration
Exhibit 29a and 29b: Orders placed to Presenta Nova customers by One Interior (Clifton Eye Care and Dr. Luxenburg)